43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul HUGGINS, Jr., Plaintiff-Appellant,
v.
George W. ZIERK, Defendant-Appellee.
 No. 94-1207.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1994.
 
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Paul Huggins, Jr. appeals the district court's dismissal of his federal civil rights complaint filed pursuant to 42 U.S.C.1983. We affirm.
 
 
 3
 Mr. Huggins brought this pro se action in federal district court against George W. Zierk, the Deputy City Attorney for the City of Aurora, Colorado. The complaint alleged that Mr. Zierk violated Mr. Huggins' civil rights by filing charges against him in state court. Mr. Huggins claimed that he was illegally sentenced because he was not present at any of the court proceedings against him. He subsequently filed a motion to amend his complaint, alleging that his plea disposition contained Mr. Zierk's signature where the judge should have signed. The magistrate judge recommended dismissal of the complaint because Mr. Zierk "as a prosecutor has absolute immunity in filing of criminal charges." Rec., vol. I, doc. 5.
 
 
 4
 Mr. Huggins then filed a second motion to amend his complaint, moving to add the city of Aurora as a defendant. In his motion, Mr. Huggins recognized the absolute immunity of Mr. Zierk. The district court denied his motion to amend on the grounds that the proposed amendment would "in no way change the conclusions reached in the Recommendation" and dismissed the complaint with prejudice. Rec., vol. I, doc 12. On appeal, Mr. Huggins contends that he should have been allowed to amend his complaint to allege various due process violations against the city.
 
 
 5
 First, Mr. Huggins claims that the city violated his right to due process under the Fourteenth Amendment because he was not present or represented by counsel at his sentencing. Mr. Huggins, however, waived his right to appear under the terms of his plea agreement in return for a 45-day jail term to run concurrently with his present incarceration and the dismissal of two additional charges. Aplt. exh. A. Because he effectively waived his right to be present at court proceedings, Mr. Huggins cannot now assert a due process claim against the city on those grounds.
 
 
 6
 Mr. Huggins also alleges that the prosecutor signed the plea disposition in place of the judge, thus making the arrangement null and void and violating his due process rights. The only evidence Mr. Huggins has offered in support of this allegation is a copy of the disposition containing an unreadable signature. We thus hold that the district court did not err in denying Mr. Huggins' motion to amend his complaint to include this claim against the city.
 
 
 7
 Mr. Huggins also has a motion pending before us requesting us to serve copies of his brief on opposing parties, who were not served below. Because we AFFIRM the district court's dismissal of Mr. Huggins' claim, we deny the motion as moot.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470